IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,

                        Plaintiff,                            OPINION & ORDER

    v.

                                                                     14-cv-416-jdp

ROBERT D. SPODEN, JOHN DOE,
and JANE DOE,

                        Defendants.

---

       Pro se plaintiff William Jarnigan, a former Rock County Jail inmate, has submitted a proposed civil action alleging that defendants Robert D. Spoden (Sheriff), John Doe (Doctor), and Jane Doe (Nurse) improperly deprived plaintiff of medication while he was held in Rock County Jail. Plaintiff has paid an initial partial payment of the filing fee as previously directed by the court. Accordingly, the next step in this case is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 & 1915A.

       In screening any pro se litigant's complaint, I must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After reviewing the complaint with this principle in mind, I conclude that plaintiff's claims against defendant Spoden, the Rock County Sheriff, must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. However, for the sole purpose of allowing plaintiff to discover the identity of the Doe defendants, Spoden will remain in the case as a nominal defendant until the Doe defendants are named. *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981) (suggesting that naming a senior prison official is appropriate "to insure that those more directly involved will be identified"). After they are named, Spoden will be dismissed unless plaintiff has filed a corrected

amended complaint. I will give plaintiff one opportunity to correct the problems in his complaint if he wishes to assert claims against Spoden.

Plaintiff has also filed two motions: (1) Motion for Discovery, Dkt. 2; and (2) Motion for Assistance in Recruiting Counsel, Dkt. 10. I will deny these motions at this time, but plaintiff will have the opportunity to file any motions relating to discovery or recruitment of counsel at a more appropriate time.

ALLEGATIONS OF FACT

In his complaint, plaintiff alleges the following facts.

Shortly after plaintiff entered Rock County Jail, the medical staff deprived plaintiff of medication even though they were aware of plaintiff's impairments and heart condition. One of these medications alleviated pain. Despite repeated attempts to see a doctor (John Doe) about medication and symptoms including chest tightness and dizziness, plaintiff was never seen by John Doe. Instead, plaintiff was seen by a nurse (Jane Doe, whose name may be Patricia), who did not adequately treat plaintiff.

In April 2014, the medical staff and the shift officer became hostile toward plaintiff and placed him in segregation "because [he] refused to disobey [his] real world Doctor's." Dkt. 1, at 4. In May 2014, John Doe ordered the nurses to substitute plaintiff's medication despite their knowledge of plaintiff's pain and medical needs.

Plaintiff reported his grievances to prison staff. Sergeant Scott received the message, but he did nothing. The message reached Captain Strouse with the same result.

ANALYSIS

I understand plaintiff to be bringing claims under 42 U.S.C. § 1983 for deliberate indifference to his medical needs in violation of the Eighth Amendment. To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was done by a person or persons acting under color of state law. *Buchanan–Moore v. Cnty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo,* 446 U.S. 635, 640 (1980). The Eighth Amendment affords prisoners a constitutional right to medical care. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Accordingly, courts hold that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Id.* at 590. Plaintiff must allege facts from which a jury may reasonably infer (1) that he had a serious medical need and (2) that prison officials were deliberately indifferent to that need. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997); *see also Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005).

Plaintiff has alleged enough to state a claim against the Doe defendants. But his pleading does not satisfy Rule 8 of the Federal Rules of Civil Procedure for a claim against Spoden. Under Rule 8, plaintiff must present "a short and plain statement of the claim showing that [he] is entitled to relief." The purpose of the requirement is "to provide the defendant with 'fair notice' of the claim and its basis." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). To demonstrate liability on a claim under 42 U.S.C. § 1983, plaintiff must allege sufficient facts to show that each defendant personally caused or participated in the alleged constitutional deprivation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

3

Although the complaint describes the alleged actions that plaintiff believes violated his rights, it does not describe any actions by Spoden. Other than "the doctor" and "the nurse," plaintiff identifies Sergeant Scott and Captain Strouse in his complaint. Thus, Spoden does not have fair notice of any claim that plaintiff may have against him.

I will give plaintiff a deadline to submit an amended complaint in which he describes how Spoden harmed him. He should draft his complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to understand what Spoden did or failed to do that harmed plaintiff. Someone reading the complaint should be able to answer the following questions:

- What were the interactions between plaintiff and Spoden? For example, what did plaintiff and Spoden say or do to each other (or what did they fail to say or do)?

- How did Spoden find out about plaintiff's medical needs?

- What are other facts that form the basis for plaintiff's claim against Spoden?

Plaintiff must set forth these facts in separate, numbered paragraphs, using short and plain statements. Plaintiff must write in plain English.

Further, in his amended complaint, plaintiff is encouraged to describe more fully his serious medical need and defendants' deliberate indifference, although I do not require this for the case to proceed against the Doe defendants. A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, or otherwise subjects the prisoner to a substantial risk of serious harm. *Gutierrez*, 111 F.3d at 1371-73; *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). As for

"deliberate indifference" toward plaintiff's medical needs, a prison official can be found deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As to plaintiff's motion for assistance in recruiting counsel, Dkt. 10, a court will seek to recruit counsel for a pro se litigant only when he demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). I will deny his request at this time because I do not believe that he needs the assistance of counsel at this early stage of the case. Nor has plaintiff shown that he has made reasonable efforts to locate counsel himself. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("[T]he district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts."). Although I deny plaintiff's motion at this early stage of the case, plaintiff may renew his request for assistance in recruiting counsel in the future.

Finally, as to plaintiff's request for discovery seeking the names of the Doe defendants, Dkt. 2, the motion will be denied. At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Stephen Crocker will explain the process for plaintiff to identify the names of the Doe defendants and to amend the complaint to include the proper identities of these defendants. Other documents and information may be requested directly from defendants in the discovery phase of the case.

ORDER

IT IS ORDERED that:

1. Plaintiff William Jarnigan may have until April 30, 2015, to submit a proposed amended complaint addressing the deficiencies in the complaint discussed above. If plaintiff fails to provide an amended complaint by this deadline, the case will proceed, but only against the Doe defendants.

2. Plaintiff Motion for Discovery, Dkt. 2, is DENIED.

3. Plaintiff's Motion for Assistance in Recruiting Counsel, Dkt. 10, is DENIED.

Entered March 30, 2015.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge