IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM JARNIGAN,

            Plaintiff,

v.

KAREN BUTLER and BRANDI MALCOOK,[1]

            Defendants.

ORDER

14-cv-416-jdp

---

On January 19, 2016, I granted pro se plaintiff William Jarnigan, a former Rock County Jail inmate, leave to proceed on his Eighth Amendment deliberate indifference claims against Dr. Butler and Nurse Brandi. Dkt. 21. Plaintiff alleges that defendants deprived him of prescribed medications, improperly substituted his medications, and otherwise failed to provide him with adequate medical treatment.

Now defendants have filed motions for summary judgment based on plaintiff's failure to exhaust his administrative remedies. Dkt. 39 and Dkt. 44.[2] Plaintiff has not responded to either motion. Because plaintiff has not opposed the motions, and because defendants have demonstrated that plaintiff did not exhaust his administrative remedies, I will grant defendants' motions and dismiss plaintiff's claims without prejudice.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

---

[1] Now that both defendants have appeared, I have updated the caption with their full names.

[2] Defendant Brandi Malcook mislabeled her motion as one to dismiss. Her motion is, more accurately, a motion for summary judgment because it relies on evidence outside of the pleadings. And, as provided in the court's preliminary pretrial conference order, defendants were to file their *motions for summary judgment* for failure to exhaust administrative remedies by April 22, 2016. *See* Dkt. 38, at 3-4.

in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The administrative exhaustion requirement is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Its purpose is not to protect defendants but to give prison officials an opportunity to resolve complaints without judicial intervention. *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 537-38 (7th Cir. 1999) (exhaustion serves purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation").

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. However, "[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be required to exhaust." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The Rock County Jail Inmate Grievance Procedure requires inmates to submit a written grievance if they believe that jail personnel has violated their rights. If the inmate does not receive a satisfactory response, or any response at all, he is required to "request further review of the grievance complaint by filing an appeal with the Operations Lieutenant." Dkt. 41-2, at 3. From here, the inmate may appeal to the jail commander and, eventually, to the chief deputy. *Id.* at 4.

In March, May, and June 2014, plaintiff filed four grievance forms concerning his prescription medications and the fact that he was not receiving adequate medical attention.

Dkt. 41-3. One of the grievances specifically implicated nurse Brandi and mentioned Dr. Butler. *Id.* Based on defendants' submissions, plaintiff never appealed the initial decisions. Instead, on June 6, 2014, plaintiff initiated this lawsuit. Dkt. 1. Eric Chellevold, a Rock County Sheriff's Office commander and the Rock County Jail administrator, represents as much in a sworn affidavit: (1) plaintiff had information concerning the Rock County Jail grievance procedure available to him; (2) plaintiff filed multiple grievance forms; and (3) Chellevold thoroughly reviewed the Rock County Jail grievance records and was unable to locate any appeals by plaintiff. Dkt. 41, ¶¶ 2-5. Defendants have demonstrated that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, and I must dismiss his claims.

ORDER

IT IS ORDERED that:

1. Defendant Brandi Malcook's motion to dismiss, Dkt. 39, and defendant Karen Butler's motion for summary judgment, Dkt. 44, are GRANTED.

2. Plaintiff William Jarnigan's claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

3. The clerk of court is directed to enter judgment for defendants and close the case.

Entered June 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge